

147

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Travis Co,*

Honorable Adam R. Johnson
Executive Director
State Department of Public Welfare
Austin, Texas

Dear Sir:

Opinion No. O-2451
Re: Recovery of old age assistance money fraudulently received by recipient.

This is in reply to your letter of May 29, 1940, requesting the opinion of this department on the above stated matter.

Your letter reads in part as follows:

"In many instances, we find that a recipient of Old Age Assistance has fraudulently, knowingly, and intentionally concealed assets or resources which, if known to the Department at the time of investigation, would have made the applicant ineligible but due to the concealment, the applicant has drawn assistance over a considerable period of time; in some instances, amounting to several hundred dollars.

"What recourse does the Department have to recover from the assets of this former recipient, or to compel restitution? Is it permissible under the law to construe the term 'estate of the deceased' as used in Article 6243-1, Sec. 11, Subsec. e, as applicable to the estate or property of a living person? * * *"

Section 11 (e) of Article 6243-1, Vernon's Annotated Civil Statutes, reads as follows:

"(e) If, on the death of any recipient of the Old Age Assistance or aid, it is found that

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

onorable Adam R. Johnson, page 2

he was possessed of property or income in excess of the amount provided in Section 2 of this Act, the total amount of the assistance granted in excess of that to which the recipient was by law entitled may be recovered by the Commission of Old Age Assistance as a preferred claim, together with six (6) per cent interest thereon and all costs incurred from the estate of the deceased; the Commission shall institute the necessary proceedings to recover such claim and the amount recovered shall be paid into the Old Age Assistance Fund, one-half (½) of such amount shall be paid over to the United States Treasury in such manner as the Social Security Act may require."

Section 35(a) of Article 695 (e), Vernon's Annotated Civil Statutes, reads as follows:

"Sec. a. Whoever obtains or attempts to obtain, or aids or abets any person to obtain, by means of a wilfully false statement or representation or by impersonation, or by other fraudulent means:

"1. assistance, services, or treatment to which he is not entitled;

"2. assistance, services, or treatment greater than that to which he is justly entitled;

"3. or with intent to defraud, aids or abets in buying, or in any way disposing of the property of a recipient of assistance without the consent of the State Department, or whoever violates Section 30 of this Act, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined any sum not more than One Hundred ($100.00) Dollars or be imprisoned for not less than six (6) months, nor more than two (2) years, or be both so fined and imprisoned."

While Section 11 (e) of Article 6243-1, Vernon's Annotated Civil Statutes, provides only for the recovery of

Honorable Adam R. Johnson, page 3

assets from the estate of a deceased person when it is dis
covered that such person has received Old Age Assistance in
excess of the amount he was entitled to by law, we believe
that a simple action for money had and received will lie at
the instance of the State Department of Public Welfare to
recover from a living person assistance when he has "fraudu-
lently, knowingly, and intentionally concealed assets or re-
sources which, if known to the Department at the time of
investigation, would have made the applicant ineligible."
As stated in volume 29, Texas Jurisprudence, at page 736:

"An action for money had and received will
lie where one person has obtained money from
another by fraud, duress, oppression, imposi-
tion, extortion or taking an undue advantage.
And as a general rule the action will lie to
recover money paid under a mistake of fact, it
being considered unconscionable that money so
paid should be detained from the payor.  On
the other hand money voluntarily paid under a
mistake of law, without fraud or imposition and
with knowledge of all the facts, cannot be re-
covered back in any sort of action, either at
law or in equity."

We presume that such action will be taken in ac-
cordance with the procedure provided in Article 6243-14 (a),
Vernon's Annotated Civil Statutes.  This Section reads in
part as follows:

"Whenever it is found, by investigation of
the local administrative agency, or otherwise,
that assistance has been granted to any person
who is not eligible therefor, the Executive Di-
rector shall immediately order such assistance
terminated and shall furnish a copy of such order
to the applicant and a copy to the local adminis-
trative agency, and from such order the applicant
shall have the right to appeal to the Commission,
and when assistance to any person has been ter-
minated, no further payments shall be made to
such person until the Board shall have determined
on appeal that such payments be resumed."

We call to your attention the fact that Section 35
(a) of Article 695(e), Vernon's Annotated Civil Statutes,

Honorable Adam R. Johnson, page 4

makes it a misdemeanor for anyone to obtain assistance fraudulently, and of course, the Department may take appropriate steps to the end that such misdemeanors may be punished.

It is therefore the opinion of this department and you are respectfully advised that when a recipient of old age assistance has fraudulently, knowingly, and intentionally concealed assets or resources which, if known to the Department at the time of investigation, would have made the applicant ineligible, but due to the concealment, the applicant has drawn assistance over a considerable period of time, the State Department of Public Welfare may recover back from such recipient such assistance in an action for money had and received.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 20, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

By Walter R. Koch

Walter R. Koch
Assistant

WRK:RS



APPROVED
OPINION
COMMITTEE